**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-02224-001-TUC-CKJ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Francisco Javier Piceno-Ayala, | |
| Defendant. | |

Before the Court is Defendant's Rule 35 Motion to Correct a Sentence. (Doc. 37) For the reasons that follow, Defendant's motion is denied, and this case remains closed.

## BACKGROUND

On August 13, 2021, Defendant Francisco Javier Piceno-Ayala was arrested with three other individuals for illegally crossing the United States—Mexico border. This was not Defendant's first attempt to gain unlawful entry into the country. Defendant had been apprehended, detained, and deported at least eight times prior to his arrest in 2021. In fact, at the time of Defendant's arrest, he was eleven months into a three-year-term of mandatory supervised release for a prior illegal re-entry felony conviction in this District.[1]  Defendant brings the motion at hand arguing that it is unclear whether he understood the terms of his plea agreement for his prior illegal re-entry conviction and that the Court should re-sentence him in order to clarify the issue.

---

[1] *See* 20-cr-143-CKJ-JR-1.

## PROCEDURAL HISTORY

On March 1, 2022, Defendant filed his Rule 35 Motion to Correct a Sentence. (Doc. 37) On March 16, 2022, the Government filed its amended Response to Defendant's Rule 35 Motion to Correct a Sentence. (Doc. 39) Defendant declined to file a reply. This Order follows.

## LEGAL STANDARD

"A court generally may not correct or modify a sentence of imprisonment once it has been imposed." *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c)). "A court may modify such a sentence only 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.' " *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). Rule 35 states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35. The United States Court of Appeals for the Ninth Circuit has repeatedly held that that the fourteen-day deadline is jurisdictional, which "divest[s] the district court of the power to amend the sentence after fourteen days." *Aguilar-Reyes*, 653 F.3d at 1055; *see also United States v. Penna*, 319 F.3d 509, 512 (9th Cir. 2003).

## DISCUSSION

Defendant brings the motion at hand arguing that at his April 13, 2020 sentencing hearing, he "became confused with respect to the court's question as to his sentence," and that "[t]he confusion may have caused a violation of Rule 11 of the Federal Rules of Criminal Procedure." (Doc. 37 at 1) In response, the Government argues that Defendant's sentence was not illegal and that the proper vehicle for the complaint at hand is a motion under 28 U.S.C. § 2255. (Doc. 39 at 3) The issues for the Court to determine are whether Defendant's plea agreement was made knowingly and voluntarily, and if it was not, whether this Court has jurisdiction to conduct a re-sentencing. The Court concludes that Defendant entered into a voluntary and knowing plea agreement, and that even if Defendant experienced a sentencing violation, the Court would lack jurisdiction for his resentencing.

On January 22, 2020, Defendant entered into a plea agreement with the Government indicating that he wished to plead guilty to the charge of Reentry of Removed Alien under 8 U.S.C. § 1326(a), with a possible sentencing enhancement under 8 U.S.C. §§ 1326(b)(1) or 1326(b)(2).[2] Defendant had been apprehended and arrested for illegally re-entering the United States on December 13, 2019, at or near Menegers, Arizona.[3] Defendant had been forcibly removed from the United States only three months prior to his arrest.[4] Defendant's signed Plea Agreement, stated, in part:

> **I.  MAXIMUM PENALTIES**
> A.  The maximum possible penalty for a violation of 8 U.S.C. § 1326(a) is up to twenty (20) years in prison, a fine of up to $250,000, *and a term of supervised release of up to three (3) years*.
> B.  According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to the Sentencing Reform Act of 1984, the Court shall:
> / / /
> 1.  Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and 3553, unless the Court finds that a fine is not appropriate; and
> 2.  *Order the defendant to serve a term of supervised release when required by statute and may impose a term of supervised release in all other cases, taking into consideration U.S.S.G. § 5D1.1.*

(Doc. 14 at 1-2 in 20-cr-143-CKJ-JR-1) (emphasis added).

> **DEFENDANT'S APPROVAL AND ACCEPTANCE**
> . . . .
> I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. *I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.*
> . . . .
> I am satisfied that my defense attorney has represented me in a competent manner.

---

[2] *See* Doc. 14 at 1 in 20-cr-143-CKJ-JR-1.
[3] *Id*. at 8.
[4] *Id*.

- 3 -

> I am fully capable of understanding the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

*Id.* at 6-7 (emphasis added).

## **FACTUAL BASIS**

. . . .
> I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

*Id.* at 8.

On April 13, 2020, at Defendant's sentencing hearing, Defendant's attorney affirmed that he had discussed the presentence report, which includes the Probation Department's sentencing recommendation, with Defendant. (Doc. 37-1 at 4)  Defendant also affirmed that he had been speaking with his attorney in Spanish and that he was able to understand his attorney in the same language.  *Id.* at 5.  During the hearing, Defendant's attorney independently raised the suggestion that the Court place Defendant on a yearlong period of supervised release "just to make sure that he understands that he shouldn't be coming back here[.]"  *Id.* at 7.  Thereafter, the Court informed Defendant of the following:

> Upon release from imprisonment, you will be placed on supervised release to this Court for a period of three years. The Court is aware of the advisory guideline that creates a presumption of no supervised release for people who are likely to be deported. However, in my discretion, given your number of reentry convictions, the Court finds that a period of supervision is appropriate to provide additional deterrence to you.
>
> So while on supervised release to this Court which starts once you're released from custody, you shall comply with the standard conditions of supervision adopted by this Court and the special conditions which we have here in writing, in English and Spanish. And you're not going to see those in writing, but let me just tell you what those are. These are as follows: You shall not violate any local, state, or federal laws of this country during your three-year term of supervision to this Court; and if deported, you shall not reenter the United States without legal authorization.

> If you do either of those things during this three-year period, not only could you be charged with a new crime, but you could be brought back before me and receive additional prison time in this case.

(Doc. 37-1 at 10).

Directly after the Court's admonishments to Defendant concerning his term of supervised release, the following colloquy took place:

> THE COURT: Further, sir, you have the right to appeal from the judgment and sentence of the Court. However, because I have sentenced you within the terms of your plea agreement, do you understand that you have agreed to give up your right to file any appeal or other challenge to the judgment and sentence of the Court. Do you understand that, sir?
>
> THE DEFENDANT: No, I did not understand.
>
> THE COURT: Okay. Let me just tell it to you again. You have the right to appeal from the judgment and sentence of the Court. However, because I have sentenced you within the terms of your plea agreement, do you understand that you have agreed to give up your right to file any appeal or other challenge to the judgment and sentence of the Court?
>
> THE DEFENDANT: No, everything is okay.
>
> THE COURT: So do you understand that, sir?
>
> THE DEFENDANT: I don't understand that specifically.
>
> THE COURT: Okay. What I'm telling you is that you understand you can't appeal this conviction. Do you understand that, sir?
>
> THE DEFENDANT: Yes, I understand. Yes.
>
> THE COURT: Sir, I'm going to have you go knock --is there anything further, Mr. Jacobs?
>
> MR. JACOBS: No. Nothing further.
>
> THE COURT: We'll stand at recess. Sir, if you could knock on the door and let them know we're finished with your hearing. We'll stand at recess.

1
2
3
4
5
6
7
8
9
10

    THE WITNESS: So did I get time served or not?

    THE COURT: No, you got nine months.

    THE DEFENDANT: How much time did you give me?

    THE COURT: Nine months.

    THE DEFENDANT: I didn't understand it.

    THE COURT: You received a nine-month sentence which is approximately 270 days. So we're finished with your sentencing, sir. So if you could go ahead and go knock on that door, and you can call Mr. Jacobs if you have any questions.

*Id.* at 10-12. Defendant was released from prison on or about September 11, 2020, and was arrested for his most-recent re-entry conviction on August 13, 2021. (Doc. 32 at 3).

**I.     No Rule 11 Violation**

Defendant argues that is unclear whether he understood that he was being sentenced to three years of supervised release at sentencing and that he must be resentenced in order to avoid a Rule 11 violation. "Under Federal Rule of Criminal Procedure 11(b), a district court has the duty to ensure the defendant understands the rights that he is giving up, the nature of the charge, the applicable penalty range, and the contours of the plea agreement." *United States v. Carter*, 795 F.3d 947, 951 (9th Cir. 2015). When a defendant fails to object to an alleged Rule 11 violation during the plea colloquy, the violation is reviewed for plain error. *United States v. Fuentes-Galvez*, 969 F.3d 912, 915 (9th Cir. 2020). "To establish plain error, a defendant must show (1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Ferguson*, 8 F.4th 1143, 1145–46 (9th Cir. 2021) (internal quotation marks and citation omitted). In conducting the plain-error analysis, courts are not restricted to the record of the plea colloquy and must determine, based on the entire record, whether a different result was probable without the Rule 11 error. *Id.* at 1146. "To prove that an error has affected substantial rights, a defendant must

show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (internal quotation marks and citation omitted).

Defendant fails to demonstrate error during his plea or sentencing colloquy. Defendant argues that, at sentencing, he was confused by the Court's compound question concerning the terms of his supervised release and his waiver of appeal. (Doc. 37 at 4) Confoundingly, Defendant also concedes that his sentencing attorney "did not recall there having been an issue" with Defendant's understanding of his sentence and that "he knew he could not return during the period of supervision." *Id*. at 3. Additionally, upon review of the record as a whole, it is clear that Defendant's plea agreement was voluntary and that he understood the maximum penalties he faced including a term of supervised release.

Before the sentencing at issue, Defendant had a separate change of plea hearing in front of Magistrate Judge Jacqueline M. Rateau.[5] Magistrate Judge Rateau found that (i) Defendant was competent to plead guilty; (ii) Defendant understood his right to trial; (iii) Defendant understood the minimum mandatory and maximum possible sentence, including the effect of the term of supervised release; and that (iv) Defendant's plea had been knowingly and voluntarily made and was not the result of force or threats or promises apart from the agreement of the parties.[6] Defendant then reviewed and signed his entire written Plea Agreement, which included a maximum penalty of three years of mandatory supervised release.[7] Defendant then had nearly three months before sentencing to clarify the terms of his agreement, request that the agreement be withdrawn, or request that the agreement be modified to omit any term of mandatory supervised release.

Instead, on April 13, 2020, Defendant's attorney independently suggested a term of mandatory supervised release, the Court admonished Defendant concerning the issue, and the Court ensured that Defendant understood the separate question and issue of whether he understood his waiver of appeal. On this record, there is no error by the Court much less an error which demonstrates that Defendant otherwise would not have entered his plea.

---

[5] *See* Doc. 13 in 20-cr-143-CKJ-JR-1.
[6] *Id*. at Doc. 15.
[7] *Id*. at Doc. 14.

Accordingly, Defendant's request for re-sentencing is denied.

## II. Court Lacks Jurisdiction to Re-Sentence

Assuming, *arguendo*, that Defendant's sentence contained an arithmetical, technical, or other clear error, the fourteen-day window by which the Court is given to correct such error has long since passed. *See* Fed. R. Crim. P. 35(a) (emphasis added) (*Within 14 days after sentencing*, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). As such, the Court is divested of the power to amend Defendant's sentence. *See Aguilar-Reyes*, 653 F.3d at 1055 ("This and other circuit courts have held that the fourteen-day deadline is jurisdictional"). For this additional reason, Defendant's request for re-sentencing is denied.

**IT IS ORDERED:**

1. Defendant's Rule 35 Motion to Correct a Sentence (Doc. 37) is DENIED.

2. This case remains closed.

Dated this 4th day of April, 2022.

_____
Honorable Cindy K. Jorgenson
United States District Judge